UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

-vs-                                      Case No.  5:06-mc-6-Oc-10GRJ

HERBERT O. MILLER,

        Respondent.
_____

## **O R D E R**

This action for judicial enforcement of an Internal Revenue Service summons pursuant to 28 U.S.C. § § 7402(b) and 7604(a) is before the Court for consideration of the United States' Petition (Doc. 1) to enforce its summons against the Respondent, Herbert O. Miller.  The Respondent has filed his objections to the Petition (Docs. 4, 5) and the United States has filed a response to the Respondent's objections (Doc. 9).  Upon a review of the record, and for the reasons set forth below, the Court finds that the Petition is due to be granted.

**Factual Background**

The Petition states that the IRS is conducting an investigation for the collection of the income tax liability of the Respondent for the tax period ending December 31, 1999.  As part of its investigation, the IRS issued a summons on January 19, 2005 directing the Respondent to appear before Revenue Officer Richard Hanauer on February 9, 2005 to give testimony and produce for examination and copying certain books, records and other

documents demanded in the summons.  The Respondent did not appear in response to the summons.

The IRS sent a letter to the Respondent on February 24, 2005 regarding his non-compliance, and requesting that the Respondent appear pursuant to the summons on March 23, 2005.  The Respondent did not appear, and has not complied with the terms of the summons as of the date of this Order.  The Petition further states that the IRS does not already possess the books, papers, records or other data sought by the summons, and that all administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.  According to the Petition, the testimony and documents are necessary in order to properly investigate the Respondent's 1999 income tax return.  The Petition also states that there is no Justice Department referral, as defined by 26 U.S.C. § 7602(c)(2) in effect with respect to Herbert O. Miller.  In support of the Petition, the United States has attached the Declaration of Revenue Officer Richard Hanauer, and a copy of the summons sought to be enforced.

On April 5, 2006 the Magistrate Judge issued an Order to Show Cause (Doc. 2), directing the Respondent to file and serve a written response to the Petition within thirty days of service.  The Order to Show Cause further directed that the Respondent's response should contain specific facts in rebuttal to the United States' *prima facie* case or in support of an affirmative defense.  On May 15, 2006, the Respondent filed a 23-page "Written Objection in the Manner of a Petition/Application," (Doc. 4), as well as a six-page affidavit (Doc. 5) in support of its objections.  In addition to challenging the jurisdiction of

this Court, the Respondent attacks the authority of the IRS to issue a summons, demands discovery from the United States, and requests an evidentiary hearing. The United States filed its response to the Respondent's objections on June 1, 2006 (Doc. 9).

## Discussion

In order to obtain judicial enforcement of an IRS summons, the Internal Revenue Service Commissioner "need not meet any standard of probable cause." United States v. Powell, 379 U.S. 48, 57 (1964). Rather

> [h]e must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed - in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect. . . .

Id. at 57-58. In assessing these standards, the Commissioner's burden "is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." United States v. Balanced Financial Management, 769 F.2d 1440, 1443 (10th Cir. 1985). Usually, the Commissioner meets its burden by providing an affidavit from the agent who issued the summons and is seeking enforcement. United States v. Garden State National Bank, 607 F.2d 61, 68 (3d Cir. 1979). Once the Commissioner meets its burden, the Respondent must "either present facts to disprove one of the Powell factors, or to show that the IRS issued the summons in bad faith." United States v. Insurance Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999) (citations

omitted).  A review of the record in this case demonstrates that the United States has met its burden and that the Respondent has failed to meet his.

The United States satisfies its burden by submitting a declaration from Richard Hanauer, the Revenue Officer who issued the summons to the Respondent, and who is conducting the investigation into the Respondent's 1999 income tax return. Mr. Hanauer's declaration, as well as the United States' Petition, clearly establish all of the Powell factors: (1) the investigation of the Respondent's 1999 tax return is pursuant to a legitimate purpose; (2) the inquiry that is the focus of the summons may be relevant to that legitimate purpose; (3) the information sought is not already in the possession of the IRS; and (4) all administrative steps required by the Code have been taken.  Therefore, the United States has met its *prima facie* case.

The Respondent has not presented a single fact or other piece of evidence to refute the United States' *prima facie* case, nor raised any facts in support of any affirmative defense. Instead, the Respondent's lengthy objections focus on a misguided interpretation of the United States Constitution, a lack of understanding of the jurisdiction of the federal courts and do not offer any facts to support the Respondent's argument that the United States does not have the right to seek judicial enforcement of the IRS summons in this case. In addition, the Respondent's demand that the United States produce documentation evidencing the standing of the United States to enforce the summons and evidencing the jurisdiction of this Court to enforce the summons is nothing more than a delay tactic and is not supported by any legal principles that the Court is aware of.  It is therefore obvious

4

that the Respondent has not come close to meeting his burden of disproving one of the Powell factors, providing an affirmative defense, or establishing the bad faith of the IRS.

The Respondent's request for an evidentiary hearing is also not well-taken. Because summons enforcement proceedings are summary in nature, the Respondent must make a substantial showing that there is a reason to question the enforceability of the summons before he is entitled to an evidentiary hearing. See United States v. McCoy, 954 F.2d 1000, 1004 (5th Cir. 1992). In other words, no evidentiary hearing is necessary where the Respondent does not first meet his burden of offering evidence supporting an affirmative defense, establishing the bad faith of the IRS, or refuting one or more Powell factors. United States v. Balanced Financial Management, 769 F.2d at 1445. Because the Respondent does not address any of the Powell factors, allege that the IRS acted in bad faith, or list any other affirmative defense, the Respondent has not met the standards for an evidentiary hearing.

Given the Respondent's complete failure to refute the United States' *prima facie* case, and his failure to meet the standards for an evidentiary hearing, the Court finds that there is no reason to further delay enforcement of the IRS summons. Accordingly, upon due consideration it is ORDERED and ADJUDGED that:

(1) The United States' Petition to Enforce Internal Revenue Service Summons (Doc. 1) is GRANTED;

(2) The Respondent, Herbert O. Miller, is directed to obey all terms and conditions set forth in the summons dated January 19, 2005, and is hereby ORDERED to present

himself, provide testimony, and produce any and all books, papers, records or other data as is required and called for by the terms of the summons, before Revenue Officer Richard Hanauer or any other proper officer or employee of the Internal Revenue Service at such time and place as may be fixed by Revenue Officer Richard Hanauer or any other proper officer or employee of the Internal Revenue Service;

(3) the United States may recover its costs in maintaining this action;

(4) the Respondent's Written Objection in the Manner of a Petition/Application (Doc. 4) is OVERRULED, and his request for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 14th day of June, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Herbert O. Miller